UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BECKI WAGLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3867 |
| | § | |
| MCL SMITH, INC., | § | |
| KENDON WATKINS, AND | § | |
| GEICO COUNTY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court in the above-referenced cause is Plaintiff Becki Wagley, Individually and A/N/F of Holly Wagley's ("Wagley") Motion for Nonsuit without Prejudice as to Defendant GEICO County Mutual Insurance Company ("GEICO"), Doc. 13, and GEICO's Response, Doc. 14. After careful consideration of the filings, record, and law, the Court grants a nonsuit with prejudice.

On November 20, 2017, Wagley filed her Original Petition in the 278th Judicial District Court of Madison County, Texas. Doc. 5-1. Wagley then amended her Petition to include Defendant GEICO. Doc. 5-2. Defendants GEICO, MCL Smith, Inc., and Kendon Watkins answered. Docs. 5-3 & 5-4. And MCL Smith removed the case to federal court. Doc. 5, 5-5.

During the case, the parties agreed to a joint discovery plan, Doc. 6, entered a certificate of interested parties, Doc. 8, and attended a hearing before Magistrate Judge Stacy to determine the scheduling dates, see Doc. 11. At that hearing, the parties referred to a settlement agreement between Wagley, MCL Smith, and Watkins. Because of the settlement, Magistrate Stacy set an ad litem hearing, Doc. 12, and appointed a Guardian Ad Litem, Doc. 16.

According to GEICO's Response to this Motion, its request a "nonsuit **with prejudice**" because it alleges that Wagley has had "adequate opportunity to investigate the liability and damage facts" and because it alleges that Wagley has "entered into a settlement agreement" against the other defendants. Doc. 14 at 1. And because Wagley states that "they do not desire to further prosecute their cause of action against [GEICO]." *Id.*; 13 at 1. GEICO provides no authority in support of its argument. Doc. 14.

There is no "non-suit"[1] recognized in Federal Rules of Civil Procedure, which govern suits filed in federal court. Instead, Federal Rule of Civil Procedure 41(a) provides for voluntary dismissal "without prejudice," stating in relevant part, that the Plaintiff can dismiss their case "before opposing party serves either an answer or a motion for summary judgment" or with "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1). But if the plaintiff "previously dismissed any federal–or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id*.

Where a defendant has filed an answer or a motion for summary judgment, a plaintiff may move for dismissal by court order. FED. R. CIV. P. 41(a)(2). Such motions are generally granted "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co. L.P.*, 500 F. App'x. 267, 268 (5th Cir. 2012) (per curiam). A court may refuse to grant a voluntary dismissal where a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Harris*, 500 F. App'x at 268;

---

[1] TEX. R. CIV. P. 162 provides for nonsuit.

*Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs.*, Inc., 903 F.2d 352, 360 (5th Cir. 1990); *see, e.g., Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *4 (S.D. Tex. Aug. 6, 2014) (denying motion for voluntary dismissal filed almost a year later where defendants answered, participated in scheduling conferences, filed a dispositive motion, and participated in out-of-court mediation and settlement negotiations).

Because GEICO answered Wagley's First Amended Petition, the Court considers the Motion under Federal Rule of Civil Procedure 41(a)(2).

Here, Wagley filed her Original Petition half a year ago. During the progress of the case, GEICO answered, the parties agreed to a joint discovery plan, entered a certificate of interested parties, attended a scheduling conference where the settlement with Defendants MCL Smith and Watkins was mentioned. Also, the Magistrate Judge appointed an ad litem and set an ad litem hearing.

The Court finds that this case is in the late stage of the proceedings because Wagley is settling with two defendants, "nonsuiting" another, and will end the case in a minor settlement hearing after the Guardian Ad Litem performs his service. But GEICO does not allege and the Court does not find that GEICO has expended significant time or effort or that it will be deprived of a limitations defense. On the balance, the Court holds that dismissal is appropriate if accompanied with prejudice. *See Harris*, 500 F. App'x at 268; *Thomas*, 2014 WL 3897809, at *4. Accordingly, it is hereby

**ORDERED** that Wagley's Motion for Nonsuit without Prejudice as to Defendant GEICO, Doc. 13, is **GRANTED** as a Voluntary Dismissal with prejudice.

SIGNED at Houston, Texas, this 22nd day of May, 2018.

                                              MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE